UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL CIOLKOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:16cv186 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on a motion for an award of attorneys fees under 42 U.S.C. §406(b), filed by the Plaintiff on December 2, 2017. The defendant Commissioner filed a response on December 5, 2017, indicating no opposition to the motion.

On May 24, 2016, Plaintiff's attorney filed a complaint for review in this cause, which after briefing, resulted in a reversal and remand of this case under sentence four of 42 U.S.C. § 405 (g). On April 4, 2017, this Court awarded attorney fees in the amount of $8,500, pursuant to the Equal Access to Justice Act ("EAJA").

On September 25, 2017, upon remand, an Administrative Law Judge entered a Fully Favorable Decision. Plaintiff was awarded $73,775.00. Plaintiff's counsel thus requests a § 406(b) fee award in the amount of $3,355.60. The total of the EAJA and §406(b) fees is $11,855.60, which does not exceed 25% of past due benefits.

Plaintiff and his counsel had entered into a contingency agreement providing that if Plaintiff prevails on his claim, he will pay a fee up to 25% of any past-due benefits awarded, with the provision that any administrative fee that counsel obtained under §406(a) and/or the EAJA

will be deducted from the §406(b) award.

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406; *see Gisbrecht v Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the administrative process. 42 U.S.C. § 406(a). Section 406(b) governs attorney fees for successful litigation for benefits under Title II of the Social Security Act such as Disability Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and, pursuant to § 302 of Public Law 108-203, for litigation for benefits under Title XVI of the Social Security Act or Supplemental Security Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b).

The court must review all fee requests under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

Plaintiff's attorney contends, and the Commissioner does not dispute, that the requested fee of $ 3355.60 is reasonable. This amount reflects a valid contract between Plaintiff and his

counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter, and the required refund of the fee award previously obtained under EAJA.

As noted, Plaintiff contracted with Plaintiff's attorney to pay 25 percent of past due benefits without limitation if the undersigned represented him before a federal court and obtained a favorable outcome. After this litigation, Plaintiff received $73,775.00 as past-due benefits. Plaintiff's attorney therefore requests that the Court approve an award of $3355.60. This award is within the statutory maximum of 25 percent of past due benefits and in accordance with what the Plaintiff contracted to pay Counsel.

Accordingly, as Plaintiff's attorney has followed the terms of his agreement and the applicable statutes, this court will grant the fee petition.

## Conclusion

On the basis of the foregoing, Plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b), in the amount of $3355.60 is hereby GRANTED.

Entered: January 12, 2018.

s/ William C. Lee
William C. Lee, Judge
United States District Court